Brooke, J.
The objection taken by the counsel for the plaintiff in error, that Sims’s application for the road, did not designate either of the places, to which, by the statute, he was entitled to have a way opened, is obviated by the motion made by the plaintiffs in error, for a writof ad quod damnum to ascertain the damages they would sustain by the opening of the proposed road, without making this objection to the terms of the application ; especially, as the report of the viewers describes the proposed road as terminating in the main road near Hughes’ river, which main road must be presumed to lead to some of the places designated by the statute, and the inquisition of the jury, states the proposed road to be the only way to a merchant mill.
The county court erred in refusing to open the road. But the order of the circuit court wras also erroneous, in so much as it provides, that gates may be established by the county court. That part of the inquisition of the jury which relates to the erection of gates, was mere surplusage.
Therefore, both the order of the circuit court, and that of the county court, were reversed; and this court proceeding -to make such order as the circuit court ought to have made, ordered, that the road should be opened and established, thirty feet wide, from and to the points, and along the course, designated in the report of the viewers, and that the sums of 24 dollars for the land condemned for the road, and 150 dollars for the extra fencing, should be levied by the county court for, and paid to, the plaintiffs in error; and that the defendant in error should recover of the plaintiffs in error, his costs in prosecuting his petition in the county court, and his costs expended in his defence upon the supersedeas in the circuit court. But the court gave the plaintiffs, in error their costs in this court.